1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

INTELEPEER CLOUD
COMMUNICATIONS, LLC,

Case No.   16-cv-01255-DMR

8

Plaintiff,

9

v.

**ORDER TO SUBMIT SUPPLEMENTAL
BRIEFING IN SUPPORT OF MOTION
FOR DEFAULT JUDGMENT**

10

EXPLORE TRAVELS, CORP.,

Re: Dkt. No. 13

11

Defendant.

12

On June 1, 2016, Plaintiff IntelePeer Cloud Communications, LLC ("IntelePeer") filed a

13

motion for default judgment.  [Docket No. 13.]  After reviewing the motion, the court requested

14

supplemental briefing, which Plaintiff timely filed.  [Docket Nos. 16, 18.]  The court now requests

15

additional briefing on four points.

16

First, Plaintiff requests that the court award attorneys' fees for work by counsel, Erik Cecil,

17

who is not licensed to practice in the State of California, not admitted to practice before this court,

18

and has not applied to appear *pro hac vice*.  *See* Cecil Decl. [Docket No. 13-3] at ¶ 2.  Plaintiff

19

shall provide supplemental briefing on whether the court may award attorneys' fees for work

20

performed by an attorney not admitted to practice in this court nor admitted *pro hac vice*.

21

Second, the court requests supplemental briefing to support the Plaintiff's request for

22

contract damages.  In order to recover damages after securing a default judgment, a plaintiff must

23

prove the relief it seeks by submitting proper evidence by way of a sworn affidavit.  *Bd. of Trs. of*

24

*the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *see*

25

*PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Televideo*

26

*Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)).

27

Plaintiff requests nearly two-hundred thousand dollars in total contractual liability.  MDJ at

28

3; *see also* Stachowicz Decl. [Docket No. 13-1] at ¶ 2.  The court previously requested further

United States District Court
Northern District of California

United States District Court
Northern District of California

explanation for a $40,000 charge dated April 1, 2016.  [Docket No. 160.]  In response, Plaintiff stated that the $40,000 charge was for "additional amounts due as a result of termination of the contract per the MSA . . ." that was "calculated as the Minimum Commitment remaining in the Commitment Term after the termination of the Agreement, in addition to all unpaid amounts . . ." Suppl. Br. at 5-6.  However, the Master Services Agreement ("MSA") was entered into on July 1, 2015 and the Commitment Term expired June 30, 2016.  Stachowicz Decl. in Supp. of Suppl. Br. ("Stachowicz Suppl. Decl.") [Docket No. 18-3] at ¶¶ 1, 3.  Given that there is a March 1, 2016 charge of $10,000 MSG, with taxes and fees, the remaining months of the Commitment Term would be April 2016, May 2016, and June 2016 for a total of three months remaining, or $30,000 MSG.  Plaintiff shall submit an explanation for their request of $40,000, as it appears there are only more three months in the remaining Commitment Term.

Third, Plaintiff requests "interest" pursuant to section 4.4 of the MSA.  *See* MDJ at 11; Stachowicz Decl. [Docket No. 13] at ¶ 3.  Section 4.4 of the MSA provides for the imposition of "a late payment charge on amounts not paid . . . in the amount of one and one-half percent (1.5%) per month compounded monthly."  Compl. Ex. 1 (MSA) § 4.4.  Plaintiff shall clarify whether the "interest" they are requesting for May and June 2016 is in fact late fees on the unpaid invoices.

Fourth, Plaintiff's request for "interest" is assessed on both the unpaid invoices as well as the April 1, 2016 charge, which Plaintiff describes as an Early Termination Fee.  *See* Suppl. Br. at 5-6; Stachowicz Suppl. Decl. ¶¶ 2-4.  Plaintiff shall provide briefing, including citations to the MSA, explaining whether the late payment charge may properly be assessed on the Early Termination Fee.

The court requests that the Plaintiff submit an updated Stachowicz Declaration or other clear statement setting forth an itemized calculation for its *total* request for damages that accounts for the aforementioned issues as well as discrepancies that appear to be typographical errors[1] and

---

[1] Plaintiff requests contractual liability of $187,979.01 in one location, but $187,797.01 elsewhere.  *See* MDJ at 2-3, 10; Stachowicz Decl. at ¶ 2; Reply in the Form of Proposed Order ("Reply") [Docket No. 19] at 3, 12.  Plaintiff requests total damages in the amount of $208,626.73 in one location, but $208,262.73 elsewhere.  *See* MDJ at 3, 13; Reply at 3, 16.

2

1   miscalculations[2] in Plaintiff's request for damages.  Plaintiff shall submit additional briefing by

2   July 15, 2016 to address the above deficiencies in the motion for default judgment.  Any

3   opposition or statement of non-opposition is due no later than July 20, 2016.

4       **Immediately upon receipt of this Order, Plaintiff shall serve Defendant with a copy of**

5   **this Order and file a proof of service with the court.**

6

7       **IT IS SO ORDERED.**

8   Dated: July 13, 2016

9   _____

10                 Donna M. Ryu
              United States Magistrate Judge

United States District Court
Northern District of California

---

[2] Plaintiff's total damages request appears to be based on the sum of contractual liability of
$187,797.01, interest of $5,676.17, filing fees and costs of $609.55, and attorneys' fees of
$14,180.50.  The sum of these requested amounts is $208,263.23.

3